IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE S. THOMAS,
    Plaintiff,

v.

PROGRESSIVE CAS. INS. CO.,
et al.,
    Defendants.

Case No. 3:15-cv-456

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING MOTIONS TO DISMISS OF DEFENDANTS PROGRESSIVE CASUALTY INSURANCE COMPANY (DOC. #3) AND METROPOLITAN LIFE INSURANCE COMPANY (DOC. #8); SAID MOTIONS ARE SUSTAINED WITHOUT PREJUDICE; CASE WILL REMAIN OPEN ON DOCKET FOR THIRTY (30) DAYS FROM THE DATE OF ENTRY; PLAINTIFF MAY FILE AN AMENDED COMPLAINT WITHIN THAT TIME; PROGRESSIVE'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S FILING ON APRIL 26, 2016 (DOC. #15) IS OVERRULED AS MOOT

---

*Pro se* Plaintiff Charlotte S. Thomas ("Plaintiff") alleges that her former employer, Defendant Progressive Casualty Insurance Company ("Progressive"), subjected her to emotional distress and a hostile work environment during and after a traumatic work-related incident, treated her less favorably than a similarly situated, female employee and wrongfully terminated her. Further, Plaintiff claims that her rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.* ("ERISA"), were violated when either Progressive or Defendant Metropolitan Life Insurance Company ("MetLife") allegedly failed to provide a fair review of her appeal for disability benefits, and wrongfully withheld disability benefits payments. *Id.*, PAGEID #3, 4. This

Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.  Pursuant to Fed. R. Civ. P. 12(b)(6), Progressive and MetLife (collectively "Defendants") have filed motions to dismiss for failure to state a claim.  Doc. #3; Doc. #8.  For the reasons set forth below, their motions are SUSTAINED.

I.     **FACTUAL BACKGROUND**[1]

On September 13, 2007, Plaintiff was asked by Progressive to inspect a vehicle that was the subject of an insurance claim.  Doc. #1, PAGEID #3.  While on assignment, two unleashed pitbulls charged toward Plaintiff and made contact with her.  *Id*.  Upon her return to the office, Plaintiff informed John Czisma ("Czisma"), her team leader at Progressive, of the incident.  Czisma allegedly responded that Plaintiff "'should [have] stopped and had a drink,' [and] didn't ask me what happened or if I was OK.  Not near[ly] as much attention [as] he was giving another girl on another team who had a less severe situation [with] a dog."  *Id*.  Plaintiff alleged that when she spoke about the incident to Mary Sverko ("Sverko"), associate manager of Progressive's Leave Team, Sverko "shouted at me[,] 'I don't know you.'"  *Id*.  Plaintiff claimed that she suffered trauma from the incident, and that Czisma and Sverko's "hostile attitude made me worse."  *Id*.  Further, Plaintiff alleged that she did not receive a fair review of an appeal for employee benefits, claiming that the "medical doctor said she was not qualified to review my case."  *Id*.

---

[1] As Progressive and MetLife's motions to dismiss are brought under Fed. R. Civ. P. 12(b)(6), the Court, for the purposes of these motions, must treat Plaintiff's well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

2

Additionally, in her prayer for relief, Plaintiff alleges that she was subject to a hostile work environment "prior, during and while on disability," suffered emotional distress, was "fired for an unjust cause," and that "back and future disability payments [were] withheld." Doc. #1, PAGEID #4. Plaintiff seeks compensation for the above alleged wrongs and "reinstatement of all health, prescription, dental, vision, [and] life insurance." Id.

## II. LEGAL STANDARD AND SCOPE OF REVIEW

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Fed. R. Civ. P. 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, the Court must "construe the complaint in the light most

3

favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Nonetheless, "*pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not compelled to conjure up facts to support conclusory allegations." *Curry v. City of Dayton*, 915 F. Supp. 2d 901, 903 (S.D. Ohio 2012) (Newman, Mag. J.) (citing *Clark v. Johnson*, No. 09-3068, 413 F. App'x 804, 817 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

### B. Plaintiff's Submissions and the Court's Review

Aside from an alleged violation of 29 U.S.C. § 1132(a)(3) (ERISA), Doc. #1, PAGEID #2, Plaintiff did not delineate discrete causes of action in her Complaint. However, she alleges employment-related claims, which arise under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Ohio Civil Rights Act ("OCRA"), Ohio Rev. Code § 4112.01 *et seq.*[2] Further, she appears to allege the state law claims of intentional or negligent infliction of emotional distress with respect to the remarks made to her by Czisma and Sverko after the September 13, 2007, dog attack. Doc. #1, PAGEID #3-4.

As discussed above, the purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Mayer*, 988 F.2d at 638. Accordingly, the Court's ability to review matters and documents outside of the pleadings is sharply circumscribed. The Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[;] . . . documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis removed) (internal quotation marks and citation omitted). The Court may consider only those documents and matters that "fill[] in the contours and details of the plaintiff's complaint, and add[] nothing new." *Yearly v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). If the Court wishes to consider matters outside the

---

[2] While Plaintiff's Complaint does not state a particular federal statute under which she is bringing her employment claim, Plaintiff and Progressive appear to agree that her claims properly arise under the ADA, Doc. #3, PAGEID #17-19; Doc. #10, PAGEID #51, and not under Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000e *et seq.* Plaintiff's alleged comparator, Doc. #1, PAGEID #3, is female, and there is no mention of the comparator being of a different race or national origin.

pleadings, aside from the above-listed exceptions, then the motions to dismiss "must be treated as one[s] for summary judgment under Rule 56." Fed. R. Civ. P. 56(d).

Despite not referring to them in her Complaint, Plaintiff attached numerous documents to her memoranda *contra*. Doc. #10, PAGEID #52-80; Doc. #12, PAGEID #88-92. Virtually none of the documents appears to satisfy the narrow exceptions discussed above, and the Court does not deem it prudent to go through the documents to determine which, if any, meet those exceptions. Moreover, the Court may not consider those documents and convert Progressive and MetLife's motions to dismiss to motions for summary judgment, Fed. R. Civ. P. 12(d), as the documents have not been authenticated, and thus cannot qualify as proper evidence under Rule 56.[3] Accordingly, the Court, in evaluating Progressive and MetLife's motions, shall only consider: (a) the well-pleaded facts alleged in Plaintiff's Complaint; and (b) the arguments raised in the memoranda filed by the parties, but not any additional factual allegations that may have been made in those filings.[4]

---

[3] Indeed, such a conversion would prejudice Plaintiff, as it would force her to designate evidence sufficient for a *prima facie* ADA claim, *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008), rather than the Court assuming that any well-pleaded factual allegations in Plaintiff's Complaint are true.

[4] On April 26, 2016, Plaintiff filed a document entitled "Answer, Reply to 26(f) Report and Request for Summary Judgment." Doc. #14. However, Plaintiff's filing merely restates her prayer for relief and expands upon the facts alleged in her Complaint and arguments in her memoranda *contra*. Plaintiff does not offer supporting affidavits, declarations, or citations to evidence of record, as required under Fed. R. Civ. P. 56(c). Thus, Plaintiff's filing is properly treated not as a motion for summary judgment, but as a sur-reply, which may only be filed upon a showing of good cause and leave of the Court. S.D. Ohio Civ. R. 7.2(a)(2). However, Plaintiff made no such showing; she cites no facts that were not available to her at the time of her filing of her memoranda *contra*. Nor does she offer a reason why she waited until now to bring the facts to the Court's attention. Moreover, as discussed in footnotes six, nine and ten, even if the Court were to consider the arguments raised in Plaintiff's filing, such consideration would not alter the Court's ruling. As Plaintiff's April 26, 2016, filing does not alter the Court's decision to sustain Defendants' motions, Progressive's motion for extension of time to file a response to the filing, Doc. #15, is OVERRULED AS MOOT, and MetLife's response to the filing, Doc. #16, is not considered by the Court.

### III. PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM FOR RELIEF UNDER ANY FEDERAL LAW

#### A. ADA

In her Complaint, Plaintiff alleged that Czisma's statements after the attack constituted unfavorable treatment vis-à-vis another female Progressive claims examiner, who was supervised by Czisma, and was also attacked by a dog. Doc. #1, PAGEID #3. Further, Plaintiff claimed that Czisma and Sverko's "hostile attitude made me worse," *id.*, and that the hostile work environment created by Czisma and Sverko continued "prior [to], during and while on disability." *Id.*, PAGEID #4. Also, Plaintiff alleged that she was "fired for an unjust cause." *Id.* The ADA prohibits employment discrimination, including wrongful termination, on the basis of disability. 42 U.S.C. § 12112(a). Also, the ADA protects disabled employees from being subject to a hostile work environment based on disability. *Keever v. City of Middletown*, 145 F.3d 809, 814 (6th Cir. 1998). Thus, the Court interprets Plaintiff's Complaint to allege disability discrimination, hostile work environment and wrongful termination by Progressive, in violation of the ADA.[5]

For several reasons, Plaintiff has failed to state a viable claim under any of the above theories. <u>First</u>, with respect to a disability discrimination claim, Plaintiff must plausibly allege that: she (1) was disabled or regarded by Progressive as disabled; (2) was otherwise qualified for the job, with or without reasonable accommodation; and (3) suffered an adverse employment action due to her disability. *Talley v. Family Dollar*

---

[5] Plaintiff does not allege that she was an employee of MetLife. Thus, the Court analyzes Plaintiff's employment-related claims as being brought only against Progressive.

*Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) (citations omitted); *Powell v. Morris*, 184 F.R.D. 591, 595 (S.D. Ohio 1998) (Marbley, J.) ("[i]n order to withstand a Rule 12(b)(6) motion, a complaint must contain either direct or inferential allegations regarding all of the material elements of some viable legal claim or theory."). While Plaintiff claims that she "was in shock" after the attack and that, at some point, she suffered brain damage, Doc. #1, PAGEID #3, 4, she has not alleged that she was under any disability, or regarded by Progressive as disabled, at the time of Czisma and Sverko's comments. Neither does she allege that Czisma and Sverko knew or had any reason to know that she was disabled. Nor does she allege that they undertook any action against her because of her disability. Absent any such allegations, her claim cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[6]

Second, without further allegations of workplace harassment, or threats of imminent injury, Czisma and Sverko's comments were, at worst, discrete and unpleasant acts. Such acts are different in kind from the discriminatory conduct required to sustain a claim for hostile work environment: conduct that was "so severe or pervasive that it created a work environment abusive to [Plaintiff]." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (2001); *see also Hickman v. Laskodi.*, No. 01-4045, 45 F. App'x 451, 454-55 (6th Cir. 2002) (hostile work environment claim brought under 42 U.S.C. § 1983, which was based on only one comment, survived motion for judgment on the pleadings only because comment

---

[6] Plaintiff, in her April 26, 2016, filing, claims for the first time that she had been diagnosed with depression at the time of the dog attack. Doc. #14, PAGEID #96. Plaintiff does not allege that Czisma, Sverko or any Progressive employee was aware of her diagnosis of depression, or regarded her as disabled. Thus, even if the Court were to accept as true Plaintiff's claim that she was under a disability at the time of Czisma and Sverko's comments, she has still failed to set forth a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

contained a threat of bodily harm, and thus, was "sufficiently severe" to support claim at the pleadings stage). Third, Plaintiff's allegation that she was "fired for unjust cause," Doc. #1, PAGEID #4, is pled without any allegations regarding the circumstances under which she was terminated. Absent any allegation that Plaintiff's alleged disability motivated Progressive's decision to terminate her, or any other supporting allegations regarding her termination, Plaintiff's claim that she was unjustly terminated is a mere legal conclusion that the Court need not accept as true. Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); see also Powell, 184 F.R.D. at 595 (emphasis added) ("person seeking relief under the ADA for termination must establish . . . that she suffered an adverse employment action because of her disability."). Plaintiff has stated no claim for relief under a discrimination, hostile work environment or wrongful termination theory, and, thus, her ADA claims must be dismissed.

Moreover, Progressive argues in its motion to dismiss that "Plaintiff did not bring a timely charge of disability discrimination and therefore, her ADA claim should be dismissed for failure to exhaust her administrative remedies." Doc. #3, PAGEID #18. "[A] claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the [Equal Employment Opportunity Commission ('EEOC')] within 300 days of the alleged discrimination." Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. §§ 2000e-5(e)(1), 12117(a)).[7]

---

[7] To satisfy the above requirement, Plaintiff may also file a charge of discrimination, hostile work environment or wrongful termination with the Ohio Civil Rights Commission. Jones v. Sumser Retirement Vill., 209 F.3d 851, 853 (6th Cir. 2000).

For disability discrimination and wrongful termination, a charge must be filed within 300 days of the discrete act of discrimination or termination that is the subject of the charge. For a hostile work environment claim, a charge must be filed within 300 days of the most recent of the discriminatory incidents, which, taken together, constituted a "discriminatorily hostile or abusive work environment," and thus, "constitute one unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-16, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (internal quotation marks and citations omitted). If a claimant fails to do so, then a plaintiff may not bring such claims before a district court, *Jones v. Sumser Retirement Vill.*, 209 F.3d 851, 854 (6th Cir. 2000), although that deadline "is subject to waiver, estoppel, and equitable tolling." *Reed v. ADM/ARTCO*, No. 02-5570, 57 F. App'x 682, 683 (6th Cir. 2003).[8]

Additionally, Plaintiff generally must have exhausted her administrative remedies and received a "right-to-sue letter from the EEOC," *Parry*, 236 F.3d at 309, which would notify Plaintiff that the EEOC has dismissed her charge, and that she may file suit in a district court. However, as with the filing deadline, "the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." *Id*. (citation omitted).

In her memorandum *contra*, Plaintiff did not respond to Progressive's argument, and there is nothing in Plaintiff's Complaint or her memorandum that permits a reasonable inference that Plaintiff filed a charge with the EEOC or Ohio Civil Rights Commission ("OCRC"), much less that she has exhausted her administrative remedies. Nor does she argue that good cause exists for waiving the timely filing or exhaustion

---

[8] The *Reed* Court analyzed the 300-day filing deadline in a claim brought under Title VII. 57 F. App'x at 683 (citing 42 U.S.C. §2000e-5(e)). The filing deadline and exhaustion requirements of Title VII are expressly incorporated into the ADA. 42 U.S.C. § 12117(a).

requirements that are prerequisites for bringing an ADA claim. 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); 42 U.S.C § 12117(a). Thus, based on the information before it, the Court must dismiss her discrimination, wrongful termination and hostile work environment claims to the extent that they are brought under the ADA for that reason as well.

Mindful of Plaintiff's *pro se* status, the Court dismisses Plaintiff's ADA claims without prejudice, and grants her the opportunity to file an amended complaint. However, in such an amended complaint, Plaintiff must plausibly allege that she filed a charge or charges with the EEOC or OCRC within 300 days of the alleged discrimination, hostile work environment or wrongful termination, and that she has received right-to-sue letters with respect to those charges. Alternatively, she may allege facts that demonstrate good cause as to why the timely filing and exhaustion requirements should be waived by the Court. Moreover, even if she does so, she must, in addition, plead facts regarding the alleged discrimination, wrongful termination and hostile work environment she suffered, such that her allegations, when taken as true, give rise to a plausible claim for relief. *Iqbal*, 556 U.S. at 679. If Plaintiff's amended complaint fails to meet the above criteria, the Court will then dismiss her ADA claims with prejudice.

### B. ERISA

Plaintiff seeks "payment for unfair medical review/capricious denial" of her claim for continued LTD benefits, for "back and future disability payments withheld" (which the Court interprets as payment for LTD benefits) and "reinstatement of all health, prescription, dental, vision [and] life insurance." Doc. #1, PAGEID #2, 4. Plaintiff's complaint regarding benefits suffers from several errors that are fatal to her claim as

pled.  First, Plaintiff purports to bring her entire ERISA claim under 29 U.S.C. § 1132(a)(3), Doc. #1, PAGEID #2, 4, which provides for injunctive or equitable relief. Such relief may be proper to the extent that Plaintiff is seeking to enjoin an alleged violation of an employee benefits plan by reinstating certain benefits, rather than seeking payment of those benefits.  *Crosby v. Bowate Inc. Ret. Plan for Salaried Employees of Great N. Paper Inc.*, 382 F.3d 587, 594 (6th Cir. 2004).  However, Plaintiff's claim for payment of for "back and future disability payments" properly arises under 29 U.S.C. § 1132(a)(1)(B), and injunctive relief under 29 U.S.C. § 1132(a)(3) is expressly foreclosed to claimants who may seek payment of benefits under 29 U.S.C. § 1132(a)(1)(B).  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 n.2 (6th Cir. 1998) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)).  Thus, Plaintiff may not obtain injunctive relief against Progressive or MetLife with respect to the payment of benefits. However, such relief would not necessarily be foreclosed with respect to her prayer for reinstatement of other benefits, discussed below, except to the extent that the prayed-for relief would properly arise under 29 U.S.C. §1132(a)(1)(B).  *Id.* at 615 (citing *Varity*, 516 U.S. at 512) ("[t]he Supreme Court clearly limited the applicability of [29 U.S.C.] § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies.").

Second, Plaintiff, in her Complaint and memoranda, fails to identify any benefits plan.  Rather, she makes only conclusory statements that she did not "receive a fair review on my appeal," Doc. #1, PAGEID #3; Doc. #12, PAGEID #87, and that, perhaps, the physician reviewing her claim was not qualified to do so.  *Id.*  Nowhere in her filings

does she allege how Progressive or MetLife failed to comply with the terms of any benefit plan (and thus, ERISA) in denying her claim.[9]

Similarly, Plaintiff fails to state an ERISA claim with respect to her seeking "reinstatement of all health prescription, dental, vision [and] life insurance." Doc. #1, PAGEID #4. There is nothing in the pleadings or memoranda that would permit a reasonable inference that Progressive or MetLife undertook any action with respect to the termination of such benefits, much less that either violated a plan's provisions in doing so. In sum, Plaintiff has not alleged facts that give MetLife or Progressive fair notice of the nature of her ERISA claim, and the claim must be dismissed. *Twombly*, 550 U.S. at 555.

Finally, Plaintiff does not allege that she filed a claim for reinstatement of her health, dental, vision and life insurance benefits with the administrator(s) of those benefits. Nor does she claim, *e.g.*, that doing so was futile or not required under the plan. Plaintiff's failure to so allege means that, at this stage, she may not file suit in this Court with respect to those benefits. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 717 (6th Cir. 2005) (citing *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994)).

Accordingly, Plaintiff's ERISA claim against Progressive or MetLife is dismissed without prejudice. If Plaintiff wishes to renew her claim, then she must plausibly allege how Progressive or MetLife violated the terms of an ERISA-governed employee benefit

---

[9] In her April 26, 2016, filing, Plaintiff alleges, for the first time, that "Progressive denied my claim for long term disability." Doc. #14, PAGEID #96. This statement seemingly contradicts Plaintiff's memorandum in opposition to MetLife's motion, in which she implies that MetLife denied her long-term disability benefits claim. Doc. #12, PAGEID #87. This discrepancy underscores Plaintiff's failure to put either Progressive or MetLife on reasonable notice of the subject matter of her ERISA claim, and reinforces the Court's decision to dismiss that claim without prejudice.

plan, and: (a) that she fulfilled the claim or internal appeal process, if any, required by the plan; or (b) that doing so would be futile.[10]

## IV. COURT DECLINES TO REVIEW STATE LAW CLAIMS

As discussed above, Plaintiff appears to allege claims for intentional or negligent infliction of emotional distress, and employment-related claims that could be brought under the OCRA, in addition to the ADA. However, the Court has dismissed all claims arising under federal law and this Court's supplemental jurisdiction over related state law claims, 28 U.S.C. § 1367, is a "doctrine of discretion" that must be exercised narrowly.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Moreover, this lawsuit is not one of the rare cases where "the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks and citation omitted).

In light of the above, and mindful that it has dismissed all of Plaintiff's claims arising under federal law, the Court declines to exercise its supplemental jurisdiction over any state law claims, and dismisses those claims without prejudice. However, if

---

[10] In her April 26, 2016, filing, Plaintiff claims that there were other welfare benefits, besides long-term disability benefits, for which she believed she qualified. Doc. #14, PAGEID #95-96. To the extent that Plaintiff is alleging that Progressive or MetLife wrongly denied her claims for other ERISA-governed benefits, she will have the opportunity to raise such allegations in an amended complaint.

14

Plaintiff files an amended complaint in this Court that raises claims arising under federal law, then she may also assert any related state law claims in that amended complaint.

## V.   CONCLUSION

For the foregoing reasons, Progressive and MetLife's Motions to Dismiss for Failure to State a Claim, Doc. #3; Doc. #8, are SUSTAINED WITHOUT PREJUDICE. Progressive's Motion for Extension of Time to File Response to Plaintiff's Filing on April 26, 2016, Doc. #15, is OVERRULED AS MOOT.

The above-captioned case shall remain open on the docket for thirty (30) days, and Plaintiff may file an amended complaint within that time, subject to two conditions. First, in an amended complaint, Plaintiff must allege facts that, when taken as true, add up to plausible claims for relief under the ADA and/or ERISA.  Fed. R. Civ. P. 8(a)(2). Second, Plaintiff must allege that she filed a charge with the EEOC or OCRC (ADA claim), or submitted a claim for benefits to the plan's administrators (ERISA), and that, either, she:  (a) exhausted the administrative remedies available to her; or (b) can demonstrate good cause as to why exhaustion should not be required (*e.g.*, that submitting and pursuing a claim for benefits through the administrative process would have been futile).  If Plaintiff does not file an amended complaint within that timeframe, or her amended complaint fails to meet these conditions, then the Court will dismiss her ADA and ERISA claims with prejudice, and enter judgment in favor of Progressive and MetLife on those claims.  Upon submission of an amended complaint, Progressive and MetLife may renew their motions to dismiss.

Further, Plaintiff is reminded that, by signing an amended complaint, she would be representing to the Court that, to the best of her knowledge, the claims in that amended complaint "are warranted by existing law," Fed. R. Civ. P. 11(b)(2), and that the amended complaint's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If an amended complaint fails to meet the requirements of Rules 8(a) and 11(b), then the Court may assess sanctions against Plaintiff, including monetary penalties. Fed. R. Civ. P. 11(c). Finally, if judgment is entered against Plaintiff, then the Court may assess certain costs incurred by the Court against her. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.[11]

Date: July 11, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[11] The Court is mindful that Plaintiff has been unsuccessful in previous attempts to retain counsel for this action. Nonetheless, the Court encourages her to renew her efforts to find counsel prior to filing an amended complaint.