IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE S. THOMAS,

    Plaintiff,

v.

    Case No. 3:15-cv-456

    JUDGE WALTER H. RICE

PROGRESSIVE CAS. INS. CO.,
et al.,

    Defendants.

---

DECISION AND ENTRY SUSTAINING MOTIONS TO DISMISS OF DEFENDANTS PROGRESSIVE CASUALTY INSURANCE COMPANY (DOC. #20) AND METROPOLITAN LIFE INSURANCE COMPANY (DOC. #21); PLAINTIFF CHARLOTTE S. THOMAS'S *PRO SE* AMENDED COMPLAINT (DOC. #18) IS DISMISSED WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

*Pro se* Plaintiff Charlotte S. Thomas ("Plaintiff"), alleges that her former employer, Defendant Progressive Casualty Insurance Company ("Progressive"), subjected her to emotional distress and a hostile work environment during and after a traumatic work-related incident, and treated her less favorably than younger, similarly situated, female employees. Further, Plaintiff claims that her rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.* ("ERISA"), were violated when Progressive and Defendant Metropolitan Life Insurance Company ("MetLife") allegedly failed to provide a fair review of her claim for long-term disability ("LTD") benefits, and wrongfully denied that claim. Doc. #18, PAGEID #121, 122-23. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Progressive and

MetLife have filed motions to dismiss for failure to state a claim. Doc. #20; Doc. #21. For the reasons set forth below, their motions are SUSTAINED.

I.  BACKGROUND[1]

   A.  **Employment and State Law Claims**

On September 13, 2007, Plaintiff, a Progressive employee, was asked by Progressive to inspect a vehicle that was the subject of an insurance claim. Doc. #18, PAGEID #122. While on assignment, she was attacked by a pitbull. *Id*. Upon her return to the office, Plaintiff informed John Czisma ("Czisma"), her team leader at Progressive, of the incident. Czisma allegedly responded that Plaintiff "'should [have] stopped to get a drink." *Id.*, PAGEID #123. Plaintiff alleges that Czisma's "heartless" attitude toward her after the incident was less favorable than his attitude toward another employee who had suffered a less severe attack while on the job. *Id.*, PAGEID #123-24. Plaintiff alleges that the hostile attitude exhibited by Czisma was consistent with the hostile work environment and discriminatory treatment that she suffered while employed with Progressive. *Id.*, PAGEID #121. Specifically, Plaintiff claims that she "was passed up for promotions," while "other younger and less experienced . . . women in the office were promoted." *Id.*, PAGEID #124.

   B.  **ERISA**

Plaintiff alleges that she was diagnosed with post-traumatic stress disorder ("PTSD") as a result of the pitbull attack, and that she believes that she qualified for LTD

---

[1] As Progressive and MetLife's motions to dismiss are brought under Rule 12(b)(6), the Court, for the purposes of these motions, must treat Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

2

benefits through her employee benefits plan (the "Plan"), allegedly administered by Progressive. Doc. #18, PAGEID #122. After her application for benefits was supposedly denied by a Progressive employee, Mary Sverko ("Sverko"), Plaintiff wrote a letter on March 7, 2012, to another Progressive employee, Richard Hein ("Hein"), who Plaintiff claims administered the LTD benefits portion of the Plan. *Id.*, PAGEID #122-23. Plaintiff alleges that she did not receive a *de novo* review of the denial of her claim for LTD benefits, as required by the Plan. *Id.*, PAGEID #122 Rather, Plaintiff claims, Sverko reviewed and denied Plaintiff's appeal, and did so without consulting "a Doctor familiar [with] or specialized in my disability." *Id.*, PAGEID #123. Sverko's failure to consult with such a doctor, Plaintiff alleges, violated the Plan's language. *Id.* Finally, she alleges that MetLife was "complicit in the handling of this claim." *Id.*, PAGEID #121.

### C. Procedural History

On December 22, 2015, Plaintiff filed a *pro se* complaint, alleging: violations of ERISA; disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Ohio Civil Rights Act ("OCRA"), Ohio Rev. Code § 4112.01, *et seq.*; and several common law torts. Doc. #1. Progressive and MetLife moved to dismiss Plaintiff's complaint on February 16, 2016, and March 3, 2016, respectively, Doc. #3; Doc. #8, and the Court granted their motions on July 11, 2016. Doc. #17. In dismissing Progressive and MetLife's motions, the Court granted Plaintiff the opportunity to amend her complaint, subject to the strictures of Rule 11 and two conditions:

> First, in an amended complaint, Plaintiff must allege facts that, when taken as true, add up to plausible claims for relief under the ADA and/or ERISA. Second, Plaintiff must allege that she filed a charge with the [Equal

3

> Employment Opportunity Commission ("EEOC")] or [Ohio Civil Rights Commission ("OCRC")] (ADA claim), or submitted a claim for benefits to the plan's administrators (ERISA), and that, either, she:  (a) exhausted the administrative remedies available to her; or (b) can demonstrate good cause as to why exhaustion should not be required (*e.g.*, that submitting and pursuing a claim for benefits through the administrative process would have been futile).

*Id.*, PAGEID #119.  Further, the Court warned that if Plaintiff's "amended complaint fails to meet these conditions, then the Court will dismiss her ADA and ERISA claims with prejudice, and enter judgment in favor of Progressive and MetLife on those claims." *Id.*

On August 9, 2016, Plaintiff, again appearing *pro se*, filed her Amended Complaint.  Doc. #18.  On August 26, 2016, Progressive and MetLife moved to dismiss the Amended Complaint on the grounds that Plaintiff had failed to state claims upon which relief could be granted.  Doc. #20, 21.  Plaintiff did not file memoranda *contra*.

## II.     LEGAL STANDARD AND SCOPE OF REVIEW

### A.     Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

4

2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Nonetheless, "*pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not compelled to conjure up facts to support conclusory allegations." *Curry v. City of Dayton*, 915 F. Supp. 2d 901, 903 (S.D. Ohio 2012) (Newman, Mag. J.) (citing *Clark v. Johnson*, No. 09-3068, 413 F. App'x 804, 817 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Supplemental Jurisdiction

Plaintiff, in her Amended Complaint, appears to allege common law claims for intentional or negligent infliction of emotional distress, and employment-related claims that could be brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, and the OCRA. Ohio Rev. Code § 4112.02. For reasons set forth below, the Court dismisses with prejudice all claims arising under federal law, and the Court recognizes that its supplemental jurisdiction over related state law claims, 28 U.S.C. § 1367, is a "doctrine of discretion" that must be exercised narrowly.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, many of the facts underpinning Plaintiff's state law claims date back to 2007, and Plaintiff has brought emotional distress claims against Progressive

6

based on identical facts on at least two prior occasions. Doc. #1; Doc. #20-1.[2] Resolution of these state law issues herein will provide finality to the Plaintiff and Progressive. Moreover, as discussed below, the law with respect to Plaintiff's state law claims is well-settled and does not require the Court to attempt to resolve novel or unsettled questions of state law. In sum, this lawsuit is one of the rare cases where "the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks and citation omitted). Accordingly, the Court will exercise its supplemental jurisdiction over Plaintiff's state law claims.

### III. PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM FOR RELIEF

#### A. Wrongful Termination and Disability Discrimination

Plaintiff, in her initial Complaint, alleged that Czisma and Sverko created a hostile work environment that "continued 'prior to, during and while on disability.'" Doc. #17, PAGEID #111 (quoting Doc. #1, PAGEID #4). Further, Plaintiff claimed that Czisma's "statements after the attack constituted unfavorable treatment vis-à-vis another Progressive female claims examiner," *id.*, and "that she 'was fired for an unjust cause.'" *Id.* (quoting Doc. #1, PAGEID #4). The Court concluded that Plaintiff had alleged "claims for intentional or negligent infliction of emotional distress," *id.*, PAGEID #118,

---

[2] Doc. #20-1 is a copy of the complaint filed by Plaintiff against Progressive in the Montgomery County, Ohio, Court of Common Pleas, Case No. 2010 CV 6955, on or about August 31, 2010. "[A] court may consider 'exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss' without converting the motion to dismiss into a motion for summary judgment." *Thomas v. Noder-Love*, No. 13-2495, 621 F. App'x 825, 828 (6th Cir. 2015) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

7

and "disability discrimination, hostile work environment and wrongful termination by Progressive, in violation of the ADA." *Id.*, PAGEID #111. However, in its motion to dismiss, Progressive argues that "Plaintiff's Amended Complaint, however broadly construed, does not plead any facts to set forth an emotional distress or wrongful termination cause of action." Doc. #20, PAGEID #131. Thus, Progressive asserts, those claims have been abandoned. "An amended complaint supersedes an earlier complaint for all purposes," *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013)), and failure to include a claim from the original complaint in an amended complaint constitutes abandonment of that claim. *See Wal-Juice Bar, Inc. v. Elliott*, 889 F.2d 1502, 1506 (6th Cir. 1990) (federal claim included in original complaint but excluded from amended complaint could not be used to support exercise of supplemental jurisdiction). Thus, the fact that Plaintiff included a claim for termination in her original Complaint does not, by itself, mean that such a claim carries over to the Amended Complaint.

While the Court discusses below in greater detail Plaintiff's claims of negligent and intentional infliction of emotional distress, the Court agrees with Progressive with respect to her wrongful termination claim. As Plaintiff does not allege that she was terminated in her Amended Complaint, any claim for wrongful termination has been abandoned. Moreover, in the Amended Complaint, she alleges that she missed work due to depression and was diagnosed with PTSD after the pitbull attack. *Id.*, PAGEID #122. However, she does not allege direct discrimination or a hostile work environment based on her disability; nor does she allege that she suffered an adverse employment

action due to her disability. Accordingly, Plaintiff has abandoned any claim of disability discrimination.[3]

### B.     Intentional and Negligent Infliction of Emotional Distress

In her initial Complaint, Plaintiff alleged that Czisma, in telling her that she should have stopped to get a drink, did not exhibit a proper level of concern toward after her accident, Doc. #1, PAGEID #3, and she reiterates those allegations in her Amended Complaint. Doc. #18, PAGEID #123. Progressive, in its motion to dismiss Plaintiff's original Complaint, conceded that such allegations could be Plaintiff's attempt to "alleg[e] a claim of infliction of emotional distress," Doc. #3, PAGEID #20, but argued that Plaintiff was barred by the statute of limitations and/or claim preclusion from bringing claims of intentional or negligent infliction of emotional distress ("IIED," "NIED"). *Id*. The Court, in declining to exercise supplemental jurisdiction, dismissed Plaintiff's IIED and NIED claims without prejudice. Doc. #17, PAGEID #118.

Progressive, as discussed above, argues that Plaintiff has abandoned her emotional distress claims. Doc. #20, PAGEID #131. Even assuming, however, that those claims were properly raised in the Amended Complaint, Progressive is correct that claim preclusion bars Plaintiff from litigating them in this lawsuit. *Id*., PAGEID #132. Claim preclusion "provides that a final judgment on the merits of an action precludes the

---

[3] Further, as the Court discussed previously, to sustain an ADA claim, Plaintiff was required to timely file a charge of discrimination with the EEOC or OCRC, and exhaust her administrative remedies made available by those commissions; in the alternative, she was required to plausibly allege why the timely filing and exhaustion requirements should be excused. Doc. #17, PAGEID #114-15. Plaintiff's Amended Complaint contains no allegations that she pursued or exhausted her administrative remedies; nor does she claim that the doctrines of waiver, estoppel or equitable tolling apply to excuse her lack of filing and exhaustion. *Reed v. ADM/ARTCO*, No. 02-5570, 57 F. App'x 682, 683 (6th Cir. 2003). Moreover, for the reasons discussed below, any claim arising under state law is barred by the statute of limitations. Thus, even if Plaintiff had not abandoned her disability discrimination claim, that claim would still fail as a matter of law, and dismissal with prejudice would be appropriate.

9

'parties or their privies from litigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Claim preclusion:

> [H]as four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* (citation omitted). On August 31, 2010, Plaintiff filed a complaint in the Montgomery County, Ohio, Court of Common Pleas against Progressive, alleging IIED and NIED arising, in part, out of Czisma "react[ing] flippantly and unsympathetically, informing Plaintiff that she should have stopped off for a drink on the way back to the office" after the above-described pitbull attack. Doc. #20-1, ¶¶ 34, 45-54, PAGEID #146, 147. On February 8, 2011, the trial court dismissed Plaintiff's complaint for failure to state a claim. *Thomas v. Progressive Cas. Ins. Co., Inc.*, No. 2010 CV 6955, 2011 WL 7445317 (Montgomery C.P. Feb. 8, 2011). The appellate court affirmed that decision on December 23, 2011. *Thomas v. Progressive Cas. Ins. Co., Inc.*, 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 36 (2d Dist. Montgomery).

Plaintiff's IIED and NIED claims against Progressive that she raised in the state court litigation arose out of the same operative facts as the claims raised by Plaintiff in the Amended Complaint herein. Under both federal and Ohio law, dismissal for failure to state a claim "operates as an adjudication upon the merits." Fed. R. Civ. P. 41; Ohio Civ. R. 41(B)(3). Thus, all four elements of *res judicata* are satisfied. *Kane*, 71 F.3d at 560. Plaintiff may not relitigate her IIED and NIED claims in this Court, and those claims are dismissed with prejudice.

C.  **Age Discrimination**

As discussed above, Plaintiff, in her Amended Complaint, alleges for the first time that she was denied promotions within Progressive in favor of younger, otherwise similarly-situated employees. Doc. #18, PAGEID #124. While age-based discrimination is prohibited by the ADEA, "[t]he timely filing of a charge of age discrimination with the EEOC is ordinarily a condition precedent to an ADEA lawsuit." *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992). A plaintiff must file a charge with the EEOC within three hundred (300) days of the alleged discriminatory act, *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (citing 29 U.S.C. §626(d)), although a "plaintiff may modify the length of [the] ADEA filing period through equitable estoppel and equitable tolling." *Jackson*, 961 F.2d at 578 (quoting *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir. 1988)). Plaintiff does not allege that she filed any charge of discrimination with the EEOC; nor does she allege that equitable doctrines such as estoppel, waiver or equitable tolling apply to excuse her lack of timely filing. The Court, in its July 11, 2016, Entry, warned that failure to allege timely filing of an EEOC charge would be fatal to a federal employment discrimination claim, Doc. #17, PAGEID #119. Accordingly, Plaintiff's age discrimination claim, to the extent that it arises under the ADEA, is dismissed with prejudice.

Unlike federal law, "a discrimination claimant" under the OCRA "may pursue a civil cause of action without first exhausting h[er] administrative remedies." *Harrison v. City of Akron*, No. 01-3519, 43 F. App'x 903, 905 (6th Cir. 2002) (citing Ohio Rev. Code § 4112.99; *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 136, 573 N.E.2d 1056 (1991)). Thus, Plaintiff's failure to file an age discrimination charge with the EEOC or OCRC does not *per se* preclude her from filing an age discrimination claim under the

11

OCRA. However, it is apparent from her Amended Complaint that any such claim is time-barred. The Ohio Supreme Court has held that a claim brought under the statute must be brought within six years of the claim accruing. *Cosgrove v. Williamsburg of Cincinnati Mgmt. Co., Inc.*, 70 Ohio St. 3d 281, 282, 638 N.E.2d 991 (1994) (citing Ohio Rev. Code §§ 2305.07, 4112.99). "[A] claim of discrimination accrues when the discriminatory act or practice occurs." *Moore v. Ohio Dep't of Rehab & Corr.*, 10th Dist. Franklin No. 10AP-732, 2011-Ohio-1607, ¶ 16 (internal quotation marks and citation omitted).

With respect to her claim for LTD benefits, Plaintiff alleges that she received her "initial denial letter dated December 2, 2009[,] from Progressive." Doc. #18, PAGEID #121. It is axiomatic that Plaintiff would not have applied for such benefits if she was working, and that she could not have been passed over for promotions if she was not working for Progressive. Plaintiff does not allege that she ever returned to work for Progressive after applying for LTD benefits. Thus, the latest point at which Plaintiff could have been denied a promotion was some time in 2009. Consequently, Plaintiff's OCRA claim could not have accrued later than 2009, which is more than six years prior to her filing a claim of age discrimination in this Court.[4] Accordingly, Plaintiff's claim, to the extent that it arises under the OCRA, is time-barred, and as no amended pleading could cure that defect, her entire age discrimination claim must be dismissed with prejudice. *Riverview Health Inst. LLC v. Med Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

---

[4] Plaintiff alleged, in her previous lawsuit, that she "was unable to return to work" after the pitbull attack, Doc. #20-1, ¶ 41, PAGEID #146, which occurred on September 13, 2007. Doc. #18, PAGEID #122.

### D. Hostile Work Environment

In her Amended Complaint, Plaintiff alleges that "Progressive's actions against me constitute a hostile work environment," Doc. #18, PAGEID #121, a bare legal conclusion that the Court need not accept as true. *Papasan* 478 U.S. at 286. Further, Plaintiff's only allegations regarding her employment with Progressive are: (a) Czisma's comment after the pitbull attack; and (b) being passed over for promotions on several occasions. Doc. #18, PAGEID #123-24. Such acts are, at most, discrete instances of discrimination, which are different in kind from the discriminatory conduct required to sustain a claim for hostile work environment, which is conduct "so severe or pervasive that it created a work environment abusive to [Plaintiff]." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (2001) (clarifying the type of behavior that constituted a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*). Finally, for the reasons discussed above, any such claim is barred either by her failure to exhaust administrative remedies or by the statute of limitations. Accordingly, Plaintiff's claim for hostile work environment is dismissed with prejudice.

### E. ERISA

#### 1. MetLife

Plaintiff's only allegation in the Amended Complaint against MetLife is that it "was complicit in the handling of this claim" for LTD benefits. Doc. #18, PAGEID #121. That allegation does not put MetLife on notice of what actions it supposedly took with respect to Plaintiff's claim; it certainly fails to state how MetLife may have violated ERISA. As

Plaintiff has not set forth a plausible claim for relief, its ERISA claim against MetLife is dismissed with prejudice.

### 2. Progressive

In its motion to dismiss, Progressive argues that it is not the administrator with respect to claims for LTD benefits under the employee benefits plan in which Plaintiff participated; nor, it claims, did it exercise any control over the administration of the LTD benefits portion of the plan. Doc. #20, PAGEID #136. Thus, Progressive argues, despite being Plaintiff's employer, it is not a proper defendant for Plaintiff's ERISA claim under 29 U.S.C. § 1132(a)(1)(B).[5] *Id.*, PAGEID #136-37 (citing *Riverview*, 601 F.3d at 522-23; *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842-43 (6th Cir. 2007); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006)).

In the Amended Complaint, Plaintiff alleges that she received a letter from Progressive stating that, "after the claims administrator receives your written request to appeal the initial determination, the claims administrator will review your claim." Doc. #18, PAGEID #122. The letter, as recited by Plaintiff, suggests that Progressive is <u>not</u> the administrator of the Plan's LTD benefits; to read that statement otherwise would require inferring that Progressive is referring to itself in the third person. However, even if Progressive were a proper defendant, Plaintiff has still failed to set forth a claim for relief. As noted by the appellate court in its review of Plaintiff's previous lawsuit against Progressive filed in state court, Plaintiff "received disability benefits from Progressive."

---

[5] Plaintiff, in her original Complaint, purported to bring an ERISA claim under 29 U.S.C. § 1132(a)(3), Doc. #1, PAGEID #2, which provides for equitable relief. However, Plaintiff appears to concede, in her Amended Complaint, that her claim, which is for payment of benefits, properly arises under 29 U.S.C. § 1132(a)(1)(B). Doc. #18, PAGEID #121.

*Thomas*, 2011-Ohio-6712, ¶ 4. *See also*, Doc. #20-1, ¶¶ 41-42, PAGEID #146 (Plaintiff alleged that she "was unable to return to work and began receiving disability payments from [Progressive's] coverage with Met Life [*sic*] insurance on or about December[,] 2007. In December[,] 2009, . . . Plaintiff's disability payments stopped"). In other words, the gravamen of Plaintiff's ERISA claims—improper denial of her claim for LTD benefits—is directly contradicted by public record. As Plaintiff's Amended Complaint cannot reasonably be read to allege any other ERISA violation (*e.g.*, improper termination of benefits, denial of non-LTD benefits), her claim against Progressive must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Progressive and MetLife's Motions to Dismiss, Doc. #20; Doc. #21, are SUSTAINED. Plaintiff's *Pro Se* Amended Complaint, Doc. #18, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 14, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

15